IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,<br>10 So. Howard Street<br>Baltimore, Maryland 21201<br><br>    Plaintiff,<br><br>    v.<br><br>JACOBS TECHNOLOGY, INC.,<br>600 William Northern Blvd.<br>Tullahoma, TN 37388<br><br><br>    Defendant. | CIVIL ACTION NO.<br><br>COMPLAINT<br><br><br>JURY TRIAL DEMAND |

## NATURE OF THE ACTION

This is an action under the Age Discrimination in Employment Act, to correct unlawful employment practices on the basis of age and to provide appropriate relief to Jerry Overbay, born in 1948, who was adversely affected by such practices. The Commission alleges that Defendant Jacobs Technology, Inc., previously operating as Sverdrup Technology, Inc., failed to reassign and/or hire Jerry Overbay, into an alternate position and subsequently terminated his employment because of his age.

## JURISDICTION AND VENUE

1.      Jurisdiction of this Court is invoked pursuant to 28 U.S.C. Sections 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Section 7(b) of the Age

Discrimination in Employment Act of 1967, as amended, 29 U.S.C. § 626(b) (the "ADEA"), which incorporates by reference Sections 16(c) and 17 of the Fair Labor Standards Act of 1938 (the "FLSA"), as amended, 29 U.S.C. §§ 216(c) and 217.

2. The unlawful employment practices alleged below were committed within the jurisdiction of the United States District Court for the District of Maryland.

## PARTIES

3. Plaintiff, the Equal Employment Opportunity Commission (the "Commission"), is an agency of the United States of America charged with the administration, interpretation and enforcement of the ADEA and is expressly authorized to bring this action by Section 7(b) of the ADEA, 29 U.S.C. § 626(b), as amended by Section 2 of Reorganization Plan No. 1 of 1978, 92 Stat. 3781, and by Public Law 98-532 (1984), 98 Stat. 2705.

4. At all relevant times, Defendant Jacobs Technology, Inc., previously operating as Sverdrup Technology, Inc., ("Defendant Employer"), has continuously been a corporation doing business in the State of Maryland and the City of Aberdeen, and has continuously had at least twenty (20) employees.

5. At all relevant times, Defendant Employer has continuously been an employer engaged in an industry affecting commerce within the meaning of Sections 11(b), (g) and (h) of the ADEA, 29 U.S.C. §§ 630(b), (g) and (h).

## STATEMENT OF CLAIMS

6.  More than thirty days prior to the institution of this lawsuit, Jerry Overbay filed a charge with the Commission alleging violations of the ADEA by Defendant Employer. All conditions precedent to the institution of this lawsuit have been fulfilled.

7.  Since at least February 2006, Defendant Employer has engaged in unlawful employment practices at its Aberdeen Proving Ground, Maryland facility, in violation of Section 4(a)(1) of the ADEA, 29 U.S.C. § 623(a)(1). The practices include failing to reassign and/or hire Jerry Overbay, born in 1948, into an alternate position and subsequently discharging him because of his age.

8.  The effect of the practices complained of in paragraph number 7 above has been to deprive Jerry Overbay of equal employment opportunities and otherwise adversely affect his status as an employee because of his age.

9.  The unlawful employment practices complained of in paragraph 7 above were and are willful within the meaning of Section 7(b) of the ADEA, 29 U.S.C. § 626(b).

## PRAYER FOR RELIEF

Wherefore, the Commission respectfully requests that this Court:

A.  Grant a permanent injunction enjoining Defendant Employer, its owners, officers, agents, employees, successors, assigns and all persons in active concert or participation with it from denying employment and discharging individuals on the basis of age and engaging in any other

3

employment practice which discriminates on the basis of age against individuals 40 years of age and older.

B.   Order Defendant Employer to institute and carry out training programs which shall promote equal employment opportunity to individuals on the basis of age concerning individuals 40 years of age and older.

C.   Order Defendant Employer to institute and carry out policies, practices and programs which provide equal employment opportunities for individuals 40 years of age and older, and which eradicate the effects of its past and present unlawful employment practices.

D.   Grant a judgment requiring Defendant to pay appropriate back wages in an amount to be determined at trial, an equal sum as liquidated damages, and prejudgment interest to Jerry Overbay.

E.   Order Defendant Employer to make whole Jerry Overbay by providing the affirmative relief necessary to eradicate the effects of its unlawful practices, including but not limited to instatement and/or provide front pay where appropriate.

F.   Grant such further relief as the Court deems necessary and proper.

G.   Award the Commission its costs in this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its complaint.

Respectfully submitted

RONALD S. COOPER
General Counsel

JAMES L. LEE
Deputy General Counsel

GWENDOLYN REAMS
Associate General Counsel

_/s/ Jacqueline H. McNair by DML_
JACQUELINE H. MCNAIR
Regional Attorney

_/s/ Debra M. Lawrence_
DEBRA M. LAWRENCE
Bar No. 04312
Supervisory Trial Attorney

_/s/ Cecile C. Quinlan_
CECILE C. QUINLAN
Bar No. 06072
Trial Attorney

EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
Baltimore Field Office
10 S. Howard Street, 3rd Floor
Baltimore, MD 21201
(410) 209-2728
(410) 962-4270 (fax)

5